UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ralph Claxton and Melaine Claxton,

    Plaintiffs,

v.                                                                  Case No. 10-11813

Orlans Associates, *P.C., et al.*,                 Honorable Sean F. Cox

    Defendants.

_____/

## OPINION & ORDER

Acting *pro se*, Plaintiffs brought this action asserting claims relating to their residential mortgage. The matter is currently before the Court on a Motion for Summary Judgment filed by one Defendant and a Motion to Dismiss filed by the two other originally-named Defendants. After Defendants filed those motions, Plaintiffs filed several motions seeking to file an amended complaint. The parties have briefed the issues and the Court heard oral argument on August 19 15, 2010.

For the reasons that follow, the Court shall GRANT IN PART AND DENY IN PART Plaintiffs' motion to file an amended complaint. The Court shall DENY the motion to the extent that Plaintiffs seeks to add state-law claims because this Court has already ruled that it is declining to exercise supplemental jurisdiction over any state-law claims in this action. The Court shall GRANT the motion as to the few federal claims asserted in Plaintiffs' proposed amended complaint. That is, the Court shall grant the motion to the extent that Plaintiffs seek to add a RICO claim and amend their existing RESPA and FDCPA claims.

This Court must then address Defendant Bank of America's challenge to Plaintiffs'

RESPA claim against it and the challenge to the FDCPA claim by Defendant Orlans.

The Court shall grant summary judgment in favor of Orlans on Plaintiffs' FDCPA claim because Orlans, who merely represented its client in conducting a mortgage foreclosure by advertisement and did not send Plaintiffs a demand letter, is not a "debt collector" under the FDCPA.

The Court shall dismiss that portion of Count IX of Plaintiffs' Amended Complaint that asserts a RESPA claim against Bank of America under § 2605(e) because Plaintiffs have not alleged actual damages. That portion of Count IX that asserts a claim under § 2607, however, has not been challenged and remains in the action.

Similarly, Plaintiffs' RICO claim is unchallenged and remains in this action.

Accordingly, only the following claims will remain in this action: 1) that portion of Count IX that asserts a RESPA claim against Defendant Bank of America under § 2607; and 2) Plaintiffs' Civil RICO Claim (Count III) against MERS, Bank of America and Orlans.

BACKGROUND

Plaintiffs Meliane and Ralph Claxton ("Plaintiffs") filed this *pro se* action in Wayne County Circuit Court against the following Defendants: Orlans Associates, P.C. ("Orlans"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and BAC Home Loans Servicing, LP ("BAC"). Plaintiffs' original complaint asserted the following five counts: "Allegation Against MERS" (Count I); "Slander of Title" (Count II), "Equitiable [sic] Relief to Set Aside Sheriff's Deed" (Count III);" Fair Debt Collection Practices Act" (Count IV); and "Allegations Against Bank of America" (Count V).

Defendants removed the action to this Court based upon federal question jurisdiction. In

an Order issued on May 27, 2010, this Court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims and remanded those claims to Wayne County Circuit Court.

On May 10, 2010, Orlans filed a Motion for Summary Judgment. (Docket Entry No. 7). On May 11, 2010, Defendants MERS and BAC filed a Motion to Dismiss. (Docket Entry No. 9).

After Plaintiffs failed to file a response to either motion within the time allowed by the local rules, this Court issued an Order to Show Cause requiring Plaintiffs to show cause, in writing, no later than June 23, 2010, why the two pending motions should not be granted. (Docket Entry No. 14).

Plaintiffs responded on June 10, 2010, by filing: 1) a brief in opposition to the summary judgment motion filed by Defendant Orlans (Docket Entry No. 16); 2) a brief in opposition to the motion to dismiss filed by MERS and Bank of America (Docket Entry No. 16) and 3) a motion seeking leave to file a first amended complaint. (Docket Entry No. 17).

On July 9, 2010, Plaintiffs filed an additional brief without leave of Court to do so. (Docket Entry No. 24).

In addition, on July 16, 2010, Plaintiffs filed a "motion for leave to correct first amended complaint" (Docket Entry No. 25).

On July 21, 2010, Plaintiffs filed another "motion for leave to correct first amended complaint." (Docket Entry No. 26). Thus, attached to Docket Entry No. 26 is Plaintiffs' final proposed Amended Complaint.

ANALYSIS

A.  <u>Plaintiffs' Motion Seeking To File An Amended Complaint Shall Be Granted In Part And Denied In Part.</u>

In an Order issued on May 27, 2010, this Court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims and remanded those actions to Wayne County Circuit Court.

After Defendants filed dispositive motions seeking to dismiss their claims, Plaintiffs filed a motion seeking leave to file an amended complaint. Plaintiffs then filed two motions seeking to correct or add to their proposed first amended complaint, the last of which was Docket Entry No. 26. Plaintiffs' proposed first amended complaint seeks to assert claims against: 1) Orlans; 2) Universal Savings Bank; 3) MERS; 4) Bank of America; and 5) Federal National Mortgage Association ("FNMA"). Plaintiffs' proposed first amended complaint would assert the following claims: "Affirmative Action Under UCC 9-625" (Count I); "Violations and Breach of MCL 600.3204 et al." (Count II); "Civil Rico" (Count III);[1] "Allegations against Universal, BAC, MERS and FNMA Resulting in Causes of Action and Requests for Relief" (Count IV); "Allegations of Material Breach of Fiduciary Duty Against MERS Resulting in a Causes of Action and Requests for Relief" (Count V); "Slander of Title" (Count VI); "Fair Debt Collection Practices Act" (Count VII); "Equitable Relief to Set Aside Sheriff's Deed" (Count VIII); "Allegations Against Bank of America - Violation of Real Estate Settlement Procedures Act 'RESPA' 12 USC §2601-2617" (Count IX); "Unjust Enrichment Allegations Against FNMA" (Count X); and "Lack of Mutuality" (Count XI).

---

[1]Plaintiffs mistakenly numbered both the second and third counts as Count II.

To the extent that Plaintiffs seek leave to file a First Amended Complaint in order to assert state-law claims, that request shall be denied. This Court declines to exercise supplemental jurisdiction over any state-law claims in this action. Because Counts I, II, IV, V, VI, VIII and X assert state-law claims, the Court declines to exercise jurisdiction over those claims and denies Plaintiffs' request to file an amended complaint adding those claims.

The only claims contained in Plaintiffs' proposed First Amended Complaint that present a federal question are: 1) Count III (Civil RICO), asserted against Defendants MERS, Bank of America and Orlans; 2) Count VII (Fair Debt Collection Practices Act), asserted against Defendant Orlans; and 3) Count IX (Violation of Real Estate Settlement Procedures Act), asserted against Defendant Bank of America.

The Court shall grant Plaintiffs' motion to the extent that is seeks to file a First Amended Complaint asserting Counts III, VII and IX.

B.  <u>Orlans, MERS And Bank Of America's Challenges To Federal Claims Made By Defendants</u> :

In their pending motions, filed by Defendants prior to Plaintiffs' motion seeking leave to file an amended complaint, they challenge Plaintiffs' FDCPA claim and their RESPA claim.

1.  <u>Fair Debt Collection Practices Act Claim:</u>

Plaintiffs assert their FDCPA claim against Defendant Orlans. (*See* Docket Entry No. 26; Docket Entry No. 24 at 6, wherein Plaintiffs confirm that this claim is asserted only against Defendant Orlans).

Orlans asserts that it is entitled to summary judgment on this claim because it is not a "debt collector" for purposes of the FDCPA.

In support of this ground for relief, Orlans submits the affidavit of Marshall Isaacs

5

("Isaacs"), an agent of Orlans. (Docket Entry No. 7-4). Isaacs states that the firm is not in the business of collection of debts. He further states that the firm's principal purpose is to provide legal representation of its clients in the enforcement of security interests through conducting foreclosures by advertisement proceedings. At the commencement of every foreclosure by advertisement proceeding conducted by the firm, "a standard letter is mailed to the borrower which notifies that person that foreclosure proceedings have been commenced. This letter contains information regarding the amount the creditor claims is due (as calculated by the mortgagee or servicer of the borrower's loan) and also informs the borrower of certain legal rights, <u>but does not demand payment of debt.</u>" (*Id*. at ¶ 7) (emphasis added). The affidavit states that same procedure was followed here, as the firm was retained as legal counsel to assist the client in conducting a mortgage foreclosure by advertisement and where the firm's standard letter was mailed to Plaintiffs and the letter does not demand payment of a debt. (*Id*. at ¶¶ 10 & 11).

The Court agrees that Orlans is entitled to summary judgment because it is not a debt collector under the FDCPA.

The FDCPA defines a debt collector as follows: "Any person who uses any instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In several decisions, judges in the Eastern District of Michigan have held that "[a]ttorneys who merely represent creditors and do not send demand letters to debtors do not act as 'debt collectors' under the FDCPA." *Waller v. Life Bank*, 2007 U.S. Dist. LEXIS 78053 (E.D. Mich., Duggan, J.); *see*

6

*also Williams v. Trott*, 822 F.Supp. 1266, 1268-69 (E.D. Mich. 1993, Edmunds, J.); *TerMarsch v. Fabrizio & Brook, P.C.*, 2006 U.S. Dist. LEXIS 78883 at *6 (E.D. Mich., Duggan, J.); *McCall v. GMAC Mort. Corp.*, 2007 U.S. Dist. LEXIS 30614 (E.D. Mich., Feikens, J.); *Mabry v. Ameriquest Mort. Co.*, 2010 WL 1052353 (E.D. Mich. 2010, Whalen, M.J.).

Under the above authority, Orlans, who merely represented its client in conducting a mortgage foreclosure by advertisement and did not send Plaintiffs a demand letter, is not a "debt collector" under the FDCPA. Accordingly, the Court shall grant summary judgment in favor of Orlans on Plaintiffs' FDCPA claim.

    2.    <u>Violation of Real Estate Settlement Procedures Act Claim, Asserted Against Bank Of America:</u>

Plaintiffs assert their RESPA claim against Bank of America.

In their original complaint, Plaintiffs alleged that on June 11, 2009, they sent Defendant Bank of America a qualified written request ("QWR") for information and that Defendant violated RESPA by not specifically answering all of Plaintiffs' questions when it responded.

In its Motion to Dismiss, Bank of America contends that Plaintiffs' RESPA claim should be dismissed because: 1) Bank of America adequately responded to Plaintiffs' QWR; and 2) Plaintiffs failed to plead the existence of actual damages.

In their Amended Complaint, Plaintiffs allege that Defendant Bank of America: 1) violated RESPA, § 2605, by not acknowledging Plaintiffs' QWR within 20 days and not answering all of Plaintiffs' itemized questions; and 2) violated another section of RESPA, § 2607, which prohibits kickbacks and unearned fees. (*See* Docket Entry No. 26 at 37-39).

In opposing Plaintiffs' motion seeking leave to file an amended complaint, Bank of America asserted that Plaintiffs' proposed amended complaint "appears to contain no changes

7

from the original complaint," and thus relied on the grounds for dismissal in it Motion to Dismiss. (Docket Entry No. 21 at 15). As stated above, however, Plaintiffs' Amended Complaint added the additional claim that Bank of America violated § 2607, which prohibits kickbacks and unearned fees.

As explained below, the Court shall dismiss Plaintiffs' RESPA claim brought under § 2605 but not their new claim brought under § 2607.

      a.      <u>Plaintiffs' RESPA Claim Brought Under § 2605:</u>

Again, in its Motion to Dismiss, Bank of America contends that Plaintiffs' RESPA claim should be dismissed because: 1) Bank of America adequately responded to Plaintiffs' QWR; and 2) Plaintiffs failed to plead the existence of actual damages.

The Court declines to dismiss the claim based on the asserted ground that Bank of America adequately responded to Plaintiffs' QWR. This same argument was made to, and rejected by, the district court in *Anderson v. Barclays Capital Real Estate, Inc.*, 2010 WL 2541807 (N.D. Ohio 2010). In doing so, the district court noted that "[s]everal other courts have held that an allegation that a servicer failed to respond adequately to a party's qualified written request is enough to overcome a motion to dismiss." *Id*. at *5. The Court concludes that Plaintiffs have adequately alleged Bank of America breached a RESPA duty under § 2605(e) by failing to fully respond to their qualified written request.

This Court then needs to consider the second ground for relief – that Plaintiffs have failed to allege actual damages under the statute.

If a servicer fails to comply with the response requirement in § 2605(e)(2), the borrower

may recover "actual damage to the borrower as a result of the failure." 12 U.S.C. § 2605(f)(1).[2]

"[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." *Hutchinson v. Del. Sav. Bank FSB,* 410 F.Supp.2d 374, 383 (D.N.J. 2006); *Anderson, supra*, at *6; *Wienert v. GMAC Mort. Corp.*, 2009 WL 3190420 at *6 (E.D. Mich., Hood, J.). Moreover, the damages alleged must be damages suffered *as a result of* the failure to satisfy the RESPA duty at issue. *Anderson, supra*, at *6; 12 U.S.C. § 2605(f)(1)(A).

Neither Plaintiffs' original complaint nor their Amended Complaint allege that Plaintiffs incurred any actual damages as a result of Bank of America's alleged failure to timely or adequately respond to their QWR. Accordingly, the Court shall dismiss that portion of Count IX of Plaintiffs' Amended Complaint that asserts a claim under § 2605(e).

    b. <u>Plaintiffs' RESPA Claim Brought Under § 2607:</u>

Because no such claim was included in Plaintiffs' original complaint, Bank of America's Motion to Dismiss did not challenge Plaintiffs' RESPA claim brought under § 2607. In addition, in opposing the filing of Plaintiffs' motion to amend, Bank of America did not construe the amended complaint as including a new claim against it under § 2607 and therefore simply relied on the grounds raised in the Motion to Dismiss. Thus, there is currently no challenge to this portion of Count IX.

  3. <u>Civil RICO Claim (Count III:)</u>

Plaintiffs' Amended Complaint asserts a civil RICO claim against Defendants MERS,

---

[2]In the case of "a pattern or practice of noncompliance," the court may award additional damages. Here, Plaintiffs have not alleged a pattern or practice of noncompliance.

Bank of America and Orlans. Plaintiffs had not asserted a RICO claim at the time that Defendants filed their respective motions and Defendants have not challenged Plaintiffs' RICO claim. Thus, Count III remains in this action.

CONCLUSION & ORDER

For the reasons above, **IT IS ORDERED** that Plaintiffs' motion to file an amended complaint is **GRANTED IN PART AND DENIED IN PART**. The Court **DENIES** the motion to the extent that Plaintiffs seeks to add state-law claims because this Court has already ruled that it is declining to exercise supplemental jurisdiction over any state-law claims in this action. The Court shall **GRANT** the motion as to the few federal claims asserted in Plaintiffs' proposed amended complaint. That is, the Court shall grant the motion to the extent that Plaintiffs seek to add a RICO claim and amend their existing RESPA and FDCPA claims. The Court deems the proposed amended complaint attached to Docket Entry No. 26, only to the extent it contains Counts III , VII and IX, **TO BE FILED AS OF THIS DATE**.

**IT IS FURTHER ORDERED** that summary judgment in favor of Defendant Orlans is **GRANTED** as to Count VII (the FDCPA claim).

**IT IS FURTHER ORDERED** that the portion of Count IX of Plaintiffs' Amended Complaint that asserts a RESPA claim against Bank of America under § 2605(e) is **DISMISSED** because Plaintiffs have not alleged actual damages. That portion of Count IX that asserts a claim under § 2607, however, remains in this action.

Accordingly, only the following claims remain in this action: 1) that portion of Count IX that asserts a RESPA claim against Defendant Bank of America under § 2607; and 2) Plaintiffs' Civil RICO Claim (Count III) against MERS, Bank of America and Orlans. **IT IS ORDERED**

that Defendants shall file an Answer or responsive pleading, limited to those claims, within 21 days of the date of this order.

**IT IS SO ORDERED**.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: August 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record and Melaine Claxton and Ralph D Claxton, 23040 Leewin, Detroit, MI 48219, on August 26, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez  
Case Manager