UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ralph Claxton and Melaine Claxton,

    Plaintiffs,

v.                                           Case No. 10-11813

Orlans Associates, *P.C., et al.*,        Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER

    Plaintiffs filed this action following the foreclosure of their home. All of the claims they have asserted in this action, or attempted to assert, relate to their residential mortgage and the foreclosure. This is the second time that this action is before this Court. Currently, there are only two claims that remain in this action: 1) a civil RICO claim; and 2) a RESPA claim. The matter is currently before the Court on: 1) Defendants' motions seeking to dismiss these remaining claims; and 2) Plaintiffs' latest motion seeking to amend their claims. Oral argument was scheduled to be heard on January 6, 2010, but Plaintiffs failed to appear. Accordingly, the Court orders that the motions will be decided upon the briefs. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.

    For the reasons set forth below, the Court GRANT Defendants' motions to dismiss and shall DENY AS FUTILE Plaintiffs' motion to file a Second Amended Complaint.

BACKGROUND

    Proceeding *pro se*, on April 1, 2010, Plaintiffs Melaine and Ralph Claxton ("Plaintiffs") filed suit in Wayne County Circuit Court against the following Defendants: Orlans Associates,

P.C. ("Orlans"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and BAC Home Loans Servicing, LP ("BAC").

All of Plaintiff's claims relate to their residential mortgage. Plaintiffs allege that the closing for their mortgage occurred on December 29, 2005. (First Am. Compl. at ¶ 9). Plaintiffs allege that "[d]ue to Universal's Agent's failure to provide clarity of the terms and conditions as to the mortgage and its payments, Plaintiffs experienced difficulty in making the ever increasing monthly payments, which ultimately caused foreclosure. The foreclosure sale took place on October 7, 2009." (*Id.* at ¶ 14). Plaintiffs seek monetary damages in the amount of $5,000,000. (*Id.* at 42).

Defendants removed the action to this Court based on federal question jurisdiction. Soon after removing the action, Defendants filed motions challenging the numerous claims asserted in Plaintiffs' complaint. After Defendants filed those motions, Plaintiffs filed several motions to file amended complaints.

After consideration of all the pending motions at that time, the Court issued an Opinion & Order on August 26, 2010. (Docket Entry No. 28). The Court granted Plaintiffs' Motions to file an amended complaint in part, and allowed Plaintiffs to add a RICO claim against Defendants and amend their allegations as to their existing RESPA claim. The Court declined to exercise supplemental jurisdiction over any of the state-law claims Plaintiffs sought to assert. After the entry of that Opinion & Order, only the following two claims remain in this action: 1) that portion of Count IX that asserts a RESPA claim against Defendant Bank of America under § 2607; 2) Plaintiffs' Civil RICO Claim (Count III) against MERS, Bank of America, and Orlans.

On August 28, 2010, this Court issued the Scheduling Order in this matter. (Docket

Entry No. 29). Among other things, that order provides that discovery must be completed by January 26, 2010.

On September 16, 2010, Defendants Bank of America and MERS filed a Motion to Dismiss. (Docket Entry Nos. 30). Defendant Orlans filed its own Motion to Dismiss on September 16, 2010. (Docket Entry No. 31). Although it is not typical to have two rounds of motions to dismiss, it is appropriate here because Plaintiffs amended their complaint after Defendants filed their initial motions to dismiss. Thus, Defendants could not have made these challenges in their initial motions.

In response to Defendants' motions, on October 4, 2010, Plaintiffs filed a "Motion for Leave to File Correction to First Amended Complaint." (Docket Entry No. 33).

In addition, on October 18, 2010, Plaintiffs filed a brief responding to both motions to dismiss. (Docket Entry No. 32).

## ANALYSIS

A.  <u>Plaintiffs' Proposed Second Amended Complaint Does Not Allege Any Cognizable Claim Against FNMA.</u>

Plaintiffs' proposed Second Amended Complaint would add two new Defendants: 1) Universal Savings Bank Home Mortgage, F.A. ("Universal"); and 2) Federal National Mortgage Association ("FNMA").

As Defendants MERS and Bank of America note, Plaintiffs' proposed Second Amended Complaint fails to allege that FNMA has committed any wrongful act. The only allegation concerning conduct by FNMA is Plaintiffs' allegation that FNMA purchased Plaintiffs' property at the foreclosure sale. (*See* proposed Second Am. Compl. at ¶ 16). The Court agrees that Plaintiffs' proposed Second Amended Complaint does not allege any cognizable claim against

FNMA. The Court shall therefore deny, as futile, Plaintiffs' request for leave to assert claims against FNMA.

Defendants' challenges to the proposed claims against Universal will be discussed in the sections below, along with Defendants' challenges to those same claims as they currently exist.

B. Both Plaintiffs' Existing RESPA Claim And Plaintiffs' Proposed Amended RESPA Claim Are Barred By The Applicable Statute of Limitation.

In their Motion to Dismiss, Defendants contend that Plaintiffs' existing RESPA claim must be dismissed because: 1) Plaintiffs fail to allege any facts constituting a violation of § 2607; and 2) the claim is barred by the applicable statute of limitation.

Although Plaintiffs' filed a brief in opposition to the Motion to Dismiss, they do not dispute that their RESPA claim is barred by the applicable statute of limitations. (*See* Docket Entry No. 32 at 7-8).

In addition, Plaintiffs' proposed Second Amended Complaint would assert their RESPA claim against Universal alone. (*See* Docket Entry No. 33 at 15). Defendants contend that the proposed amended RESPA claim is futile because it is also barred by the statute of limitation.

The Court agrees that both Plaintiffs' existing RESPA claim and Plaintiffs' proposed amended RESPA claim are barred by the applicable statute of limitation.

"12 U.S.C. § 2607 prohibits kickbacks and unearned fees." *Egeger v. Woodland Realty, Inc.,* 556 F.3d 415, 420 (6th Cir. 2009). In particular, § 2607(a) provides in relevant part:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service . . . shall be referred to any person.

*Id*. Claims brought pursuant to § 2607 must be brought within one year from the date the

violation occurs. *Id.* at 421; 12 U.S.C. § 2614.

Here, Plaintiffs allege that they were "not informed that a Yield Spread Premium of $2,405.12, would be given to the Broker of Challenge Financial, by Universal, as Paid Outside Closing Incentive." (First Am. Compl. at ¶ 56). Plaintiffs' real estate closing occurred on December 29, 2005. (First Am. Compl. at ¶ 9). Plaintiffs did not file this action, however, until April 1, 2010 – more than four years later. Thus, the Plaintiff's existing RESPA claim shall be dismissed because it is barred by the applicable statute of limitation.

In addition, Plaintiffs' proposed Second Amended Complaint would assert their RESPA claim against Universal alone. (*See* Docket Entry No. 33 at 15). Like the existing RESPA claim, the proposed amended RESPA claim against Universal is based on Plaintiffs' allegation that they were "not informed that a Yield Spread Premium of $2,405.12, would be given to the Broker of Challenge Financial, by Universal, as Paid Outside Closing Incentive." (Proposed Second Am. Compl. at ¶ 31). Plaintiffs' proposed Second Amended Complaint acknowledges that Plaintiffs' real estate closing occurred on December 29, 2005. (Proposed Second Am. Compl. at ¶ 8). Thus, Plaintiffs' proposed amended RESPA claim would also be barred by the applicable statute of limitation. The Court shall therefore deny, as futile, Plaintiffs' request for leave to file an amended complaint to assert a RESPA claim against Universal.

C.  <u>Plaintiffs' First Amended Complaint, And Plaintiffs' Proposed Second Amended Complaint, Fail To State A RICO Claim.</u>

Plaintiffs' current complaint (the First Amended Complaint) and their proposed Second Amended Complaint both contain RICO counts.

Defendants' Motions to Dismiss challenge Plaintiffs' RICO claim on several bases, including: 1) that Plaintiffs have not alleged any specific, identifiable injury or damage suffered

by them caused by Defendants' alleged actions; 2) Plaintiffs' have failed to plead their allegations regarding mail fraud with particularity; and 3) Plaintiffs have failed to plead facts stating a RICO claims because they do not allege sufficient continuity.

"To establish a RICO violation under § 1962(c), a plaintiff must allege that the RICO enterprise engaged in a 'pattern of racketeering activity' consisting of at least two predicate acts of racketeering activity occurring within a ten-year period." *Moon v. Harrison Piping Supply,* 465 F.3d 719*,* 723 (6th Cir. 2006). "The alleged predicate acts may consist of offenses 'which are indictable' under any number of federal statutes," including the mail fraud statute, 18 U.S.C. § 1341. *Id.*

"Although necessary to sustain a RICO claim, the pleading of two predicate acts may not be sufficient because § 1961(5) 'assumes that there is something to a RICO pattern *beyond* the number of predicate acts involved.' *Id*. (quoting *H.J., Inc. v. Northwest Bell Tele. Co.*, 492 U.S 229, 238 (1989)). As the *Moon* court explained:

> In *H.J.*, the Supreme Court held that "the term pattern itself requires the showing of a relationship between the predicates and of the threat of continuing activity. It is this factor of *continuity plus relationship* which combines to produce a pattern." *Id.* at 239, 109 S.Ct. 2893 (internal citations omitted). "Continuity and relationship constitute two analytically distinct prongs of the pattern requirement."

*Id*. at 724 (emphasis in original).

The predicate acts pleaded by a plaintiff must have sufficient continuity. *Moon, supra*, at 724. Continuity is "both a closed- and open-ended concept," referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition. "Continuity may be established at the pleading stage by alleging facts of either closed- or open-ended racketeering activity." *Id.* A closed period of continuity may be

demonstrating by proving a series of related predicates extending over a substantial period of time. However, predicate acts alleged to have occurred over a period of weeks or months and threatening no future criminal conduct are insufficient. *Id*. at 725.

In *Moon,* the Court held that the plaintiff failed to state a RICO claim because he did not sufficiently allege continuity. The plaintiff's claim was based on allegations that his employer colluded with an insurance provider and a physician in order to deny him workers compensation benefits. The *Moon* court found that even though the predicate acts were alleged to have occurred over a 30-month period, facts establishing a RICO pattern were lacking because all of the alleged predicate acts "were keyed to [the defendants'] single objective of depriving [the plaintiff] of his benefits." *Id.* The court found that there were no facts suggesting that the alleged scheme would continue beyond the Defendants accomplishing their goal of terminating [the plaintiff's] benefits." The court explained that "[i]n circumstances such as these, the purported racketeering activity does not bear the markings of the 'long-term criminal conduct' about which 'Congress was concerned' when it enacted RICO." *Moon, supra*, at 725.

Defendants contend that, like the plaintiff in *Moon*, Plaintiffs have not sufficiently alleged continuity:

> Similar to the predicate acts in *Moon,* Plaintiffs allege that the recording of false documents with the Wayne County register of deeds, and mailing of 30 false billing statements and a Notice of Default (i.e. Notice of Intent to Accelerate) by [Bank of America] and MERS deprived plaintiffs of their interest in the Property. *See* First Amended Complaint, ¶¶ 47-49, 53. Similar to the plaintiff in *Moon*, plaintiffs have failed to allege any other schemes, purposes, or injuries other than the wrongful foreclosure of the Mortgage and their loss of the Property. *Id*. Further, plaintiffs have failed to allege any "facts suggesting that the scheme would continue beyond the Defendants accomplishing their goal of terminating [plaintiffs' interest in the Property." *Moon, supra*, 725; *see also* First Amended Complaint, ¶¶ 45-53. Similar to the circumstances in *Moon*, the origination and servicing of a single loan "does not bear the markings of the 'long-term criminal

7

> conduct' about which Congress was concerned' when it enacted RICO." *Moon, supra*, 725-726 . . .

(Docket Entry No. 30 at 9).

The Court agrees. The predicate acts alleged here, in both the First Amended Complaint and the proposed Second Amended Complaint, involve the origination and servicing of Plaintiffs' residential mortgage and allegedly improper actions that Defendants took in the period from May 2009 through July 2010 that resulted in the foreclosure of Plaintiffs' home. Like the circumstances in *Moon*, there are no facts alleged suggesting that the alleged scheme would continue beyond the Defendants accomplishing their alleged goal of depriving Plaintiffs of their interest in their Property.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' motions to dismiss (Docket Entry Nos. 30 and 31) are GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motion seeking to file a second amended complaint is DENIED AS FUTILE.

IT IS SO ORDERED.


Dated: January 25, 2011                           S/ Sean F. Cox
                                                  U. S. District Court Judge


I hereby certify that on January 25, 2011, the foregoing document was served upon counsel of

record by electronic means and upon Ralph and Melaine Claxton by First Class Mail at the address below:

Ralph and Melaine
23040 Leewin
Detroit, MI 48219


Dated: January 25, 2011                                  S/ Jennifer Hernandez
                                                         Case Manager